# Report and Recommendation Upon Referral of a Motion for Damages to Magistrate Judge Brown

Case Name and Docket Number:  **Manuel Zhispon v. Strong Construction of New York Corp., et al.**
**15-CV-1475 (JFB) (GRB)**

Before the undersigned, on referral from the Honorable Joseph F. Bianco, is plaintiff's motion for damages after the Court entered default judgment against defendant Strong Construction of New York Corporation ("Strong Construction"). *See* DE 17 (granting default judgment); DE 29 (referring motion for damages).[1]  Having reviewed all of the moving papers, I hereby find as follows:

*Liability*

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir.2004).  Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following causes of action:[2]

| | |
|---|---|
| First Cause of Action: | Failure to Pay Overtime Wages in Violation of the FLSA |
| Third Cause of Action: | Failure to Pay Overtime Wages in Violation of the NYLL |
| Fourth Cause of Action: | Statutory Damages under NYLL Section 195 |

*Damages*

"To establish damages upon a default, the movant need only prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *OneWest Bank, N.A. v. Bianchini*, No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016) (citing *Greyhound Exhibitgrp., Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  Based upon review of affidavits and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiff has established damages in the following amount(s):

| | |
|---|---|
| X Principal Damages [DE 26 at ¶¶ 6–8; DE 27 at 3–5] | $ 51,048.48 |
| X Liquidated Damages [DE 27 at 6–7] | $ 33,048.79 |
| X Statutory Damages [DE 27 at 7] | $ 2,500.00 |
| Total Award | $ 86,597.27 |

The Court should also award *per diem* pre-judgment interest from February 16, 2012, until the date of the district court order, at the rate of $12.59. [DE 27 at 7–8]

---

[1] Plaintiff's first motion for damages was deemed withdrawn because of inadequate evidentiary submissions and a failure to provide an affidavit that plaintiff properly received a translation. *See* Report & Recommendation dated February 22, 2018; DE 21 (adopting Report and Recommendation).

[2] Plaintiff expressly waived and abandoned his second cause of action, and part of his first cause of action, for failure to pay wages. *See* DE 27 at 1, n. 1.

*Conclusion*

Therefore, the undersigned respectfully recommends that the Court grant the motion for damages and award plaintiff damages in the amount of $86,597.27, plus *per diem* pre-judgment interest from February 16, 2012, until the date of the district court order, at the rate of $12.59.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendant at its last known address, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

| /s/ Gary R. Brown | 02/27/2019 |
|---|---|
| GARY R. BROWN, United States Magistrate Judge | Date |